1  Stuart R. Chandler
California Bar ID No. 088969
2  761 East Locust, Suite 101
Fresno, California 93720
3  (559) 431-7770
(559) 431-7778 (Facsimile)
4
Richard Burch (pro hac vice – pending)
5  Texas Bar ID. 24001807
**BRUCKNER BURCH PLLC**
6  5847 San Felipe, Ste 3900
Houston, TX 77057
7  713-877-8788
713-877-8065 (Facsimile)
8
9  Michael Josephson (pro hac vice – pending)
Texas Bar ID No. 24014780
10  **FIBICH, HAMPTON & LEEBRON, LLP**
Five Houston Center
11  1401 McKinney, Suite 1800
Houston, TX 77010
12  (713)751-0025
(713)751-0030 (Facsimile)
13
ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS
14

15
**IN THE UNITED STATES DISTRICT COURT FOR**
16  **THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**
17

18
| | | |
|---|---|---|
| ALEX CARDENAS AND ZACHARY TORRES, *et al.*, all individually and on behalf of all others similarly situated; | § § § § | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| **Plaintiffs,** | § § | **CASE NO. _____** |
| vs. | § § | **1) OVERTIME COMPENSATION;** |
| LOWE'S HIW, INC. and DOES 1-10, inclusive, | § § § § | **2) OFF-DUTY MEAL PERIODS;** **3) INCOMPLETE WAGE STATEMENTS;** **4) INCOMPLETE PAYROLL RECORDS;** **5) WAITING TIME PENALTIES; AND** |
| **Defendants.** | § § | **6) BUS. & PROF. CODE §§17200-08** |
| | § § | **JURY TRIAL DEMANDED** |

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

## PLAINTIFFS' ORIGINAL COMPLAINT

PLAINTIFFS Alex Cardenas and Zachary Torres allege as follows on behalf of themselves, all others similarly situated:

## 1. INTRODUCTION

1.      PLAINTIFFS Alex Cardenas and Zachary Torres ("PLAINTIFFS") bring claims individually and as a class action, under Code of Civil Procedure § 382, on behalf of similarly situated individuals employed, or formerly employed, by Defendant LOWE'S HIW, INC. (hereinafter "LOWES" or "DEFENDANT") as LOSS PREVENTION MANAGERS (collectively hereinafter "LOSS PREVENTION MANAGERS," or "CLASS MEMBERS"). These LOSS PREVENTION MANAGERS have worked for DEFENDANT throughout California. PLAINTIFFS challenge DEFENDANT'S policies of willfully and unlawfully misclassifying their LOSS PREVENTION MANAGERS as "exempt" and thereby refusing to pay them overtime compensation and provide adequate off-duty meal periods as required by California law. This misclassification policy was in effect for at least four years prior to the filing of this action. Even though LOSS PREVENTION MANAGERS in actuality spent the vast majority of their work week performing non-exempt tasks, were not primarily engaged in exempt executive or administrative duties, and did not regularly and customarily exercise discretion and independent judgment in matters of significance, DEFENDANT knowingly allowed, encouraged and/or coerced them to work overtime hours without paying overtime compensation; failed to provide overtime compensation at time of termination; failed to provide itemized wage statements showing actual hours worked; and failed to keep accurate time records.

2.      PLAINTIFFS Alex Cardenas and Zachary Torres on behalf' of themselves and other current and former LOSS PREVENTION MANAGERS, bring claims for unpaid overtime compensation, meal period pay, statutory penalties, interest, and attorneys' fees and costs, under, the California Labor Code and Code of Civil Procedure § 1021.5. PLAINTIFFS also seek relief

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.
-2-

on behalf of the class and in a representative capacity, pursuant to California Business and Professions Code §§ 17200-17208 (also referred to herein as the "UCL"), including injunctive relief, restitution, and disgorgement of all benefits LOWES has enjoyed from its failure to pay overtime compensation, failure to provide accurate wage statements, and failure to keep daily payroll records showing the actual hours worked by LOSS PREVENTION MANAGERS. Both the Code of Civil Procedure § 382 class action and the UCL representative action are brought on behalf of all current and former LOSS PREVENTION MANAGERS employed by LOWES during the period commencing four years from the filing of this action through final judgment (the "Class Period").

## I. PARTIES

3.      PLAINTIFF Alex Cardenas resides in Los Banos, California. He worked as a LOSS PREVENTION MANAGER for DEFENDANT from approximately October 2006 until April 2009.

4.      PLAINTIFF Zachary Torres resides in Turlock California. He worked as a LOSS PREVENTION MANAGER for DEFENDANT from approximately November 2007 until December 2008.

5.      PLAINTIFFS are informed and believe, and based thereon allege, that Defendant LOWES is a Washington Corporation. LOWES may be served with process by serving its registered agent, CSC-LAWYERS INCORPORATING SERVICE, 2730 Gateway Oaks Drive, Suite 100, Sacramento, Ca. 95833.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to PLAINTIFFS, who therefore sue defendants by such fictitious names under Code of Civil Procedure § 474. PLAINTIFFS are informed and believe, and based thereon allege, that each of

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

the DEFENDANTS designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. PLAINTIFFS will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DEFENDAN'TS designated hereinafter as DOES when such identities become known. Hereinafter DEFENDANT and the DOE defendants shall be referred to collectively as "DEFENDANT" and/or "LOWES."

### III. STATEMENT OF FACTS

7.      During the Class Period, LOWES employed LOSS PREVENTION MANAGERS throughout California. LOWES required and/or knowingly permitted PLAINTIFFS and its other LOSS PREVENTION MANAGERS to work hours considerably in excess of eight hours a day and/or 40 hours a week. PLAINTIFFS are informed and believe that it was LOWES' policy and practice to require and/or knowingly permit their LOSS PREVENTION MANAGERS to work overtime hours without receiving overtime compensation.

8.      During the Class Period, LOWES classified PLAINTIFFS and other LOSS PREVENTION MANAGERS in California as "exempt" employees for purposes of overtime and other wage and hour requirements.

9.      LOWES' "exempt" classification of PLAINTIFFS and other LOSS PREVENTION MANAGERS during the Class Period was unlawful under Labor Code § 515 and I.W.C. wage order No. 4. PLAINTIFFS and other LOSS PREVENTION MANAGERS do not, among other things: primarily perform duties and responsibilities involving the management of the department in which they are employed or of a recognized department or subdivision thereof; engage in exempt duties more than half their work time; customarily and regularly exercise discretion and independent judgment over matters of significance; perform specialized or technical work under only general supervision; determine or significantly influence the hiring, firing, disciplining, or promoting of others. Instead, PLAINTIFFS and other LOSS

PREVENTION MANAGERS spent the vast majority of their time on non-exempt tasks performed by hourly employees.

10. As a result of DEFENDANT misclassifying their LOSS PREVENTION MANAGERS as "exempt," DEFENDANT willfully and knowingly failed to pay premium overtime compensation to PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS for hours worked over eight in a day and 40 in a week.

11. As a result of DEFENDANT misclassifying its LOSS PREVENTION MANAGERS as "exempt," DEFENDANT willfully and knowingly failed to pay LOSS PREVENTION MANAGERS at the time of termination of employment all accrued overtime compensation.

12. As a result of DEFENDANT misclassifying its LOSS PREVENTION MANAGERS as "exempt," DEFENDANT did not record PLAINTIFFS' and similarly situated LOSS PREVENTION MANAGERS' actual hours worked during the Class Period.

13. As a result of DEFENDANT misclassifying its LOSS PREVENTION MANAGERS as "exempt," DEFENDANT failed to itemize the total hours worked on wage statements furnished to LOSS PREVENTION MANAGERS including PLAINTIFFS.

14. As a result of DEFENDANT misclassifying its LOSS PREVENTION MANAGERS as "exempt," DEFENDANT failed to keep payroll records showing the actual hours worked each day by LOSS PREVENTION MANAGERS, including PLAINTIFFS.

15. PLAINTIFFS are informed and believe that DEFENDANT deliberately misclassified its LOSS PREVENTION MANAGERS as exempt to avoid paying overtime wages to employees who worked overtime hours and spent more than half their work time doing nonexempt work.

## CLASS ACTION ALLEGATIONS

16.   PLAINTIFFS bring this lawsuit as a class action pursuant to Code of Civil Procedure § 382 on behalf of themselves and all similarly situated LOSS PREVENTION MANAGERS. The class PLAINTIFFS seek to represent is defined as:

> All persons who were, are, or will be employed by DEFENDANT LOWES Corporation as LOSS PREVENTION MANAGERS in the State of California during the statute of limitations period.

The claims herein have been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest among class members with respect to the claims asserted herein and the proposed class is easily ascertainable:

a.   Ascertainability and Numerosity. The potential members of the class as defined herein are so numerous that joinder would be impracticable. PLAINTIFFS are informed and believe that LOWES has employed more than 100 LOSS PREVENTION MANAGERS in California during the Class Period. The names and addresses of the Class Members are available from DEFENDANT. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

b.   Commonality: There are questions of law and fact common to PLAINTIFFS and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

i.   Whether DEFENDANT required, encouraged, or permitted LOSS PREVENTION MANAGERS to work in excess of 40 hours per week and/or eight hours per day;

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

ii.     Whether DEFENDANT knew or should have known that its LOSS PREVENTION MANAGERS regularly worked over 40 hours per week and/or eight hours per day;

iii.     Whether DEFENDANT has failed to pay LOSS PREVENTION MANAGERS overtime wages for time worked well excess of 40 hours per week and/or eight hours per day;

iv.     What duties were specified and assigned by DEFENDANT for the LOSS PREVENTION MANAGER position;

v.     Whether those duties specified and assigned by DEFENDANT to LOSS PREVENTION MANAGERS were exempt duties under I.W.C. Wage Order No. 4;

vi.     How much time LOSS PREVENTION MANAGERS devoted to exempt versus nonexempt duties;

vii.     Whether LOSS PREVENTION MANAGERS customarily and regularly exercised discretion and independent judgment over matters of significance;

viii.     Whether DEFENDANT employed LOSS PREVENTION MANAGERS in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

ix.     Whether DEFENDANT violated I.W.C. Wage Order No. 4 and Labor Code §§ 510 and 1194 by its failure to pay LOSS PREVENTION MANAGERS overtime compensation;

x.     Whether DEFENDANT'S failure to pay overtime compensation to LOSS PREVENTION MANAGERS constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

xi.     Whether DEFENDANT knowingly and intentionally failed to provide LOSS PREVENTION MANAGERS with an itemized statement showing total hours worked with each payment of wages, as required by Labor Code § 226;

xii.    Whether DEFENDANT'S failure to provide an itemized statement showing total hours worked with each payment of wages constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

xiii.   Whether DEFENDANT violated Labor Code § 1174 and I.W.C. Wage Order No. 4 by failing to maintain documentation on the actual hours worked each day by LOSS PREVENTION MANAGERS;

xiv.    Whether DEFENDANT'S failure to maintain documentation on the actual hours worked each day by LOSS PREVENTION MANAGERS constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

xv.     Whether DEFENDANT violated Labor Code §§ 201-203, by failure to timely pay LOSS PREVENTION MANAGERS' wages due for overtime compensation at time of termination of employment; and

xvi.    The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to PLAINTIFFS and the class alleged herein.

c.      Typicality: PLAINTIFFS' claims are typical of the claims of the class. DEFENDANT'S common course of unlawful conduct has caused PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS to sustain the same or similar injuries and damages caused by the same practices of DEFENDANT. PLAINTIFFS' claims are thereby representative of and co-extensive with the claims of the class.

d.      Adequacy of Representation: PLAINTIFFS are a member of the class, do not have any conflicts of interest with other class members, and will prosecute the case vigorously on behalf of the class. Counsel who represent PLAINTIFFS are competent and

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

experienced in litigating large employment class actions, including large wage and hour class actions. PLAINTIFFS will fairly and adequately represent and protect the interests of the class members.

        e.      Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of DEFENDANT'S unlawful policies and/or practices described herein. Since the damages suffered by individual Class Members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most class members individually to seek redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## IV. DAMAGES

17.    As a direct, foreseeable, and proximate result of DEFENDANT'S conduct, PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS are owed overtime compensation plus interest, meal period compensation plus interest, waiting time penalties under Labor Code § 203 in an amount that exceeds $25,000, the precise amount of which will be proved at trial.

## V. CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION
### (LABOR CODE §§ 510, 1194; I.W.C. WAGE ORDER NO. 4)

18.     The allegations of Paragraphs 1 through 17 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS:

19.     By their failure to pay overtime compensation to PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS as alleged above, DEFENDANT violated Labor Code § 510 and the provisions of the I.W.C. wage order No. 4, which require overtime compensation to non-exempt employees.

20.     By failing to keep adequate time records as required by Labor Code § 1174(d) and the I.W.C. wage order No. 4 §7(a), DEFENDANT has made it difficult to calculate the overtime compensation due PLAINTIFFS and the similarly situated LOSS PREVENTION MANAGERS.

21.     As a result of DEFENDANT'S unlawful acts, PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

22.     By violating Labor Code § 510, DEFENDANT is liable for civil penalties and attorneys' fees and costs under Labor Code §§ 558, 1194, and 1197.1.

23.     PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS request relief as described below.

## SECOND CAUSE OF ACTION
## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
## (LABOR CODE § 226)

24.     The allegations of Paragraphs 1 through 23 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS:

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

25.     Labor Code § 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

26.     DEFENDANT knowingly and intentionally failed to furnish PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS with timely, itemized statements showing the total hours worked, as required by Labor Code § 226(a). As a result, DEFENDANT is liable to PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS for the amounts provided by Labor Code § 226(e).

27.     By violating Labor Code § 226, DEFENDANT is also liable for civil penalties and attorneys' fees and costs under Labor Code § 226.

28.     PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS, request relief as described below.

**THIRD CAUSE OF ACTION**

**FAILURE TO KEEP ACCURATE PAYROLL RECORDS**

**(LABOR CODE §§ 1174 & 1174.5; I.W.C. WAGE ORDER NO. 4)**

29.     The allegations of Paragraphs 1 through 28 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS:

30.     DEFENDANT has violated Labor Code § 1174 and I.W.C. Wage Order No. 4 §7(A) by willfully failing to keep required payroll records showing the actual hours worked each day by PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS.

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

- 11 -

31.    PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS, request relief as described below.

## FOURTH CAUSE OF ACTION

## WAITING TIME PENALTIES

## (LABOR CODE 201, 202 & 203)

32.    The allegations of Paragraphs 1 through 31 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS:

33.    Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

34.    Labor Code § 203 requires an employer to pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination or employment by resignation.

35.    Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either §§ 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

36.    DEFENDANT willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay to LOSS PREVENTION MANAGERS whose employment terminated. As a result, DEFENDANT is liable to terminated LOSS PREVENTION MANAGERS for waiting time penalties, together with interest thereon and attorneys' fees and costs, under Labor Code § 203.

37.    PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS, request relief as described below.

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

# FIFTH CAUSE OF ACTION

# VIOLATIONS OF THE UCL

# (BUSINESS & PROFESSIONS CODE §§ 17200-09.)

38.    The allegations of Paragraphs 1 through 37 are realleged arid incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS and in a representative capacity under Business and Professions Code § 17204:

39.    Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

40.    Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

41.    Beginning at an exact date unknown to PLAINTIFFS, but at least four years prior to the date of the filing of this action, DEFENDANT committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by engaging in the following:

a.    Improperly and unlawfully classifying its LOSS PREVENTION MANAGERS as exempt from California overtime requirements, as referenced above, and thereby failing to pay overtime compensation, as described above;

b.    Failing to pay all accrued overtime compensation to LOSS PREVENTION MANAGERS upon termination of their employment, in violation of Labor Code §§ 201-203, as described above;

c.    Failing to provide accurate itemized wage statements, in violation of Labor Code § 226, as described above; and

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

d.     Failing to maintain payroll records showing the actual hours worked each day by LOSS PREVENTION MANAGERS, in violation of Labor Code § 1174, as described above

42.     The violations of these laws serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200.

43.     As a direct and proximate result of DEFENDANT'S unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANT has received and continues to hold ill-gotten gains belonging to PLAINTIFFS and class members DEFENDANT has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those unpaid overtime and meal period compensation and interest accrued by PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS.

44.     PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid over-time and meal period compensation and interest since four years from the filing of this action.

45.     PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

46.     PLAINTIFFS' success in this action will enforce important rights affecting the public interest. In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of themselves and others similarly situated. PLAINTIFFS seek and are entitled to the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

47.     Injunctive relief is necessary and appropriate to prevent DEFENDANT from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

48.     In order to prevent DEFENDANT from profiting and benefiting from its wrongful and illegal acts and continuing those acts, an order requiring DEFENDANT to disgorge all the profits and gains its has reaped and restore such profits and gains to LOSS PREVENTION MANAGERS, from whom they were unlawfully taken.

49.     PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action that is in the public interest. Therefore, attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

50.     PLAINTIFFS, on behalf of themselves and similarly situated LOSS PREVENTION MANAGERS, request relief as described below.

## VI. REQUEST FOR JURY TRIAL

51.     PLAINTIFFS request a trial by jury on behalf of themselves and the above described class of similarly situated LOSS PREVENTION MANAGERS.

## VII. PRAYER FOR RELIEF

WHEEFORE, PLAINTIFFS, on behalf of themselves and the above-described class of similarly situated LOSS PREVENTION MANAGERS, requests relief as follows:

1.     Certification of the above-described class as a class action, pursuant to Code of Civil Procedure 382;

2.     Certification of the above-described class as a representative class under Business and Professions Code § 17200;

3.     Class notice to all LOSS PREVENTION MANAGERS who worked for DEFENDANT in California during the Class Period described above;

4.     A declaratory judgment that DEFENDANT has knowingly and intentionally violated the following provisions of law:

a.     The overtime provisions of Labor Code § 510 and the I.W.C. wage order No. 4 as to PLAINTIFFS and the class;

b.     Labor Code § 226, by failing to provide PLAINTIFFS and the class with itemized statements of total hours worked with each payment of wages;

c.     Labor Code § 1174, by failing to maintain payroll records of the actual hours worked each day by PLAINTIFFS and the class;

d.     Labor Code § 1174, by failing to maintain payroll records of the waiting time penalties;

e.     Business and Professions Code §§ 17200- 17208, by failing to pay their LOSS PREVENTION MANAGERS overtime compensation;

f.     Business and Professions Code §§ 17200-17208, by failing to maintain payroll records of the actual hours worked each day by PLAINTIFFS and the class;

g.     Labor Code §§ 201-203, for willful failure to pay overtime compensation to LOSS PREVENTION MANAGERS at the time of termination of employment,

h.     Business and Professions Code §§ 17200-17208, by failing to maintain payroll records of the actual hours worked each day by PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS; and

i.     Business and Professions Code §§ 17200-17208, by willfully failing to pay PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS overtime compensation at the time of termination of employment, resulting in unpaid waiting time penalties;

5.     A declaratory judgment that DEFENDANT'S violations as described above were willful;

Plaintiffs' Original Complaint
Cardenas, et al. v. Lowes., et al.

6.      For an equitable accounting to identify, locate, and restore to all current and former LOSS PREVENTION MANAGERS the wages that are due;

7.      An award to PLAINTIFFS and the Class Members of damages in the amount of unpaid overtime compensation, including interest thereon, subject to proof at trial;

8.      As to those Class Members who have left DEFENDANT'S employ, an award of payments due to them as waiting time penalties, pursuant to Labor Code § 203;

9.      An order requiring DEFENDANT to pay restitution of all amounts owed to PLAINTIFFS and similarly situated LOSS PREVENTION MANAGERS for DEFENDANT'S failures to pay legally required overtime compensation, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

10.    For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 203, 226 and 558;

11.    An award to PLAINTIFFS and the Class Members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 226 and 1194, and/or other applicable law; and

12.    An award to PLAINTIFFS and the Class Members of such other and further relief as this Court deems just and proper.


Dated: July 7, 2009                              Respectfully submitted,



                                                 /s/ Stuart R. Chandler
                                                 Attorney for Plaintiffs