Phillip J. Eskenazi (SBN 158976)
peskenazi@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
Lowe's HIW, Inc.

# UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| ZACHARY TORRES and ALEX CARDENAS, individually and on behalf of others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HIW, INC. and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No.: 1:09–CV–01179 AWI (GSA)<br><br>**DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>Complaint Filed: July 8, 2009 |

Lowe's HIW, Inc. ("Defendant"), by and through its undersigned counsel, files its Answer to the Class Action Complaint of Plaintiffs Zachary Torres and Alex Cardenas (collectively "Plaintiffs").

## ANSWER TO COMPLAINT

1. Defendant admits that the Plaintiffs purport to represent a class of individuals. Except as expressly admitted, Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiffs' lawsuit asserts claims for relief under California wage and hour law on behalf of a purported class of individuals. Except as expressly admitted, Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff Cardenas was employed by Defendant as a Loss Prevention and Safety Manager. Defendant lacks knowledge sufficient to form a belief as to the truth or veracity of Plaintiff's allegation that he is a resident of the State of California, and on that basis denies the allegation. As to all other allegations contained in Paragraph 3 of the Complaint, Defendant denies the allegations.

4. Defendant admits that Plaintiff Torres was employed by Defendant as a Loss Prevention and Safety Manager. Defendant lacks knowledge sufficient to form a belief as to the truth or veracity of Plaintiff's allegation that he is a resident of the State of California, and on that basis denies the allegation. As to all other allegations contained in Paragraph 3 of the Complaint, Defendant denies the allegations.

5. Defendant admits the allegations in Paragraph 5 of the Complaint that it is a Washington corporation and that its registered agent for service of process in California is CSC Corporation. Except as expressly admitted, Defendant denies the allegations in Paragraph 5 of the Complaint.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

6. Defendant lacks knowledge sufficient to form a basis as to the truth or veracity of the allegations in Paragraph 13 of the Complaint and on that basis denies the allegations.

7. Defendant admits that its Loss Prevention and Safety Managers are salaried employees who are exempt from California's overtime laws. Except as expressly admitted, Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that its Loss Prevention and Safety Managers are salaried employees who are exempt from California's overtime laws. Except as expressly admitted, Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint and denies that class certification is appropriate in this case.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant re-alleges the answers set forth in the preceding Paragraphs as if fully set forth herein.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

23. Defendant admits that Plaintiffs purport to represent a class of individuals as defined in the Complaint. Defendant denies all other allegations in Paragraph 23 of the Complaint.

24. Defendant re-alleges the answers set forth in the preceding Paragraphs as if fully set forth herein.

25. No response is required to the legal conclusion in Paragraph 25 of the Complaint, wherein Plaintiffs purport to allege the requirements of Labor Code Section 226(a) and (e). To the extent Paragraph 25 of the Complaint purports to set forth any factual allegations against Defendant requiring a response, all such allegations are denied.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits that Plaintiffs purport to represent a class of individuals as defined in the Complaint. Defendant denies all other allegations in Paragraph 28 of the Complaint.

29. Defendant re-alleges the answers set forth in the preceding Paragraphs as if fully set forth herein.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant admits that Plaintiffs purport to represent a class of individuals as defined in the Complaint. Defendant denies all other allegations in Paragraph 31 of the Complaint.

32. Defendant re-alleges the answers set forth in the preceding Paragraphs as if fully set forth herein.

33. No response is required to the legal conclusion in Paragraph 33 of the Complaint, wherein Plaintiffs purport to allege the requirements of Labor Code Section 201. To the extent Paragraph 33 of the Complaint purports set forth any

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

factual allegations against Defendant requiring a response, all such allegations are denied.

34.  No response is required to the legal conclusion in Paragraph 34 of the Complaint, wherein Plaintiffs purport to allege the requirements of Labor Code Section 203. To the extent Paragraph 34 of the Complaint purports set forth any factual allegations against Defendant requiring a response, all such allegations are denied.

35.  No response is required to the legal conclusion in Paragraph 35 of the Complaint, wherein Plaintiffs purport to allege the requirements of Labor Code Section 203. To the extent Paragraph 35 of the Complaint purports set forth any factual allegations against Defendant requiring a response, all such allegations are denied.

36.  Defendant denies the allegations in Paragraph 36 of the Complaint.

37.  Defendant admits that Plaintiffs purport to represent a class of individuals as defined in the Complaint. Defendant denies all other allegations in Paragraph 37 of the Complaint.

38.  Defendant re-alleges the answers set forth in the preceding paragraphs as if fully set forth herein.

39.  No response is required to the legal conclusion in Paragraph 39 of the Complaint, wherein Plaintiffs purport to allege what Business & Profession Code Section 17200 provides. To the extent Paragraph 39 of the Complaint purports to set forth any factual allegations against Defendant requiring a response, all such allegations are denied.

40.  No response is required to the legal conclusion in Paragraph 40 of the Complaint, wherein Plaintiffs purport to allege what Business & Profession Code Section 17204 provides. To the extent Paragraph 40 of the Complaint purports to set

forth any factual allegations against Defendant requiring a response, all such allegations are denied.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant admits that Plaintiffs purport to represent a class of individuals as defined in the Complaint. Defendant denies all other allegations in Paragraph 50 of the Complaint.

51. Defendant denies that Plaintiffs are entitled to a jury trial on all of their causes of action. Defendant hereby demands a jury on those issues for which it has a right to a jury.

52. Defendant denies that Plaintiffs are entitled to any recovery or relief, and it denies Plaintiffs' Prayer for Relief in its entirety.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof on Plaintiffs' causes of action, or admitting that Defendant has any burden of proof, Defendant hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
## (Applicable Overtime Exemptions)

2. Plaintiffs are not entitled to the relief sought in the Complaint because, at all relevant times, Plaintiffs and the individuals that they seek to represent met various exemptions from California's overtime requirements, including but not limited to the administrative exemption and the executive exemption. Plaintiffs' causes of action are based on statutes that do not apply to exempt employees.

## THIRD AFFIRMATIVE DEFENSE
## (Justification/Privilege)

3. Plaintiffs' claims are barred, in whole or in part, because at all times Defendant's conduct was privileged by virtue of being approved, allowed, and/or sanctioned by California law and/or California governmental entities.

## FOURTH AFFIRMATIVE DEFENSE
## (Good Faith)

4. Plaintiffs' claims are barred, in whole or in part, because Defendant at all times acted in good faith and had reasonable grounds for believing that it did not violate California law.

## FIFTH AFFIRMATIVE DEFENSE
## (California Labor Code § 2856)

5. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to substantially comply with all of the directions of their employer concerning the events at issue.

## SIXTH AFFIRMATIVE DEFENSE
## (Reasonable Care)

6. Plaintiffs' claims are barred, in whole or in part, because Defendant took reasonable steps to correct and/or prevent any of the harm alleged in the Complaint, and Plaintiffs failed to take advantage of opportunities to avoid harm.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

6
DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT
*Torres, et al v. Lowe's HIW, Inc.*
USDC Case No. 1:09-CV-01179-AWI-GSA

## SEVENTH AFFIRMATIVE DEFENSE

### (Administrative Remedies)

7. Plaintiffs' claims for relief are barred to the extent that they were required, but failed, to exhaust their administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs consented to and acquiesced in the alleged conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Res Judicata)

12. Some or all of Plaintiffs' claims are barred by the doctrine of Res Judicata.

///

///

///

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Doctrine)

13. Plaintiffs' recovery, in whole or in part, must be reduced pursuant to the *de minimis* doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

14. Plaintiffs' damages, if any, must be reduced to the extent that they failed to mitigate any such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15. Defendant is entitled to an offset against any relief sought by Plaintiffs based upon their wrongful conduct and/or monies owed to Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

16. Plaintiffs lack the standing and/or capacity to assert some of all of the claims alleged against Defendant in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

17. Plaintiffs' damages, if any, were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by the Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Adequate Representation)

18. Plaintiffs cannot fairly and adequately represent the interests of the purported class.

///

///

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Right to Jury Trial)

19. Plaintiffs have no right to a jury trial on all their causes of action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

20. Plaintiffs' recovery is limited and/or barred by the after-acquired evidence doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

21. Plaintiffs' claims and damages, if any, are barred, in whole or in part, by their own unclean hands.

## OTHER DEFENSES

Defendant may have additional defenses that cannot be articulated at this time. Defendant therefore does not waive any defenses and reserves the right to assert additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That Plaintiffs takes nothing by virtue of this action;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem proper.

Dated: August 18, 2009

HUNTON & WILLIAMS LLP

By: _____
Phillip J. Eskenazi
Attorneys for Defendant
Lowe's HIW, Inc.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 S. Hope Street, Suite 2000, Los Angeles, California 90071.

On August 18, 2009, I served the foregoing document(s) described as:

**DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT**

on the interested parties in this action:

**All parties identified for notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

| | |
|---|---|
| Stuart Rowe Chandler<br>**LAW OFFICE OF STUART R. CHANDLER**<br>761 East Locust Avenue<br>Suite 101<br>Fresno, CA 93720<br>559-431-7770<br>559-431-7778 (fax)<br>stuart@chandlerlaw.com | *Via Electronic Filing-CM/ECF* |
| Michael Josephson, PHV<br>**FIBICH, HAMPTON & LEEBRON, LLP**<br>Five Houston Center<br>1401 McKinney<br>Suite 1800<br>Houston, TX 77010<br>713-751-0025<br>713-751-0030 (fax)<br>mjosephson@fhl-law.com | *Via Electronic Filing-CM/ECF* |
| Richard Burch, PHV - Pending<br>**BRUCKNER BURCH PLLC**<br>5847 San Felipe, Ste. 3900<br>Houston, TX 77057<br>713-877-8788<br>713-877-8065 (Fax) | *Via U.S. Regular Mail* |
| Attorneys for Plaintiffs<br>Zachary Torres and Alex Cardenas | |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

| | |
|---|---|
| 1 | ☐ **By FAX:** by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error. |
| 2 | |
| 3 | ☒ **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above. |
| 4 | |
| 5 | ☐ **By PERSONAL SERVICE:** I delivered the envelope by hand on the addressee, addressed as stated above. |
| 6 | ☐ **By FEDERAL EXPRESS:** by causing same to be delivered via Federal Express to the addressee(s). |
| 7 | |
| 8 | ☒ **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above. |
| 9 | |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 18, 2009, Los Angeles, California.

_____
ROXANA GUEVARA

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2
CERTIFICATE OF SERVICE

*Torres, et al v. Lowe's HIW, Inc.*
*USDC Case No. 1:09-CV-01179-AWI-GSA*